IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH MANN PROPST, | :: | CIVIL ACTION NO. |
| Movant, | :: | 1:11-CV-3438-CAP-LTW |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:08-CR-187-CAP-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | MOTION TO VACATE |
| Respondent. | :: | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, pro se, challenges under 28 U.S.C. § 2255 his convictions in this Court

for drug and firearm offenses. (Doc. 157, 162.)[1] Respondent filed a response opposing

the motion, (Doc. 172), and Movant filed a reply, (Doc. 174), and a supplemental brief,

(Doc. 176). Movant also filed another copy of his amended § 2255 motion, supporting

brief, and exhibits as a motion for summary judgment. (Doc. 175). For the reasons

discussed below, the undersigned recommends that Movant's motions be denied and

that he be denied a certificate of appealability.

---

[1] Movant filed an amended § 2255 motion that contains the same claims as his
original motion, but includes a memorandum of law and exhibits. (Doc. 162.) The
undersigned cites the amended motion in this Report and Recommendation. Unless
otherwise noted, all citations to the record are to case number 1:08-cr-187-CAP-LTW.

## I.   Background

In 2008, a grand jury issued a superseding indictment against Movant that included seven counts. (Doc. 38.) Count one charged Movant with conspiring to possess at least 100 grams of heroin with intent to distribute it from approximately March 9, 2006 to October 19, 2007. (*Id.* at 1.) Counts two and three charged Movant with possessing firearms during and in relation to the heroin conspiracy charged in count one. (*Id.* at 2.) Count four charged Movant with possessing heroin on March 9, 2006, with intent to distribute it, and count five charged Movant with possessing a firearm during and in relation to that drug trafficking crime. (*Id.* at 3.) Count six charged Movant with possessing heroin on October 19, 2007, with intent to distribute it, and count seven charged Movant with possessing four firearms during and in relation to that drug trafficking crime.[2] (*Id.* at 3-4.) The firearm counts all charged Movant with violating 18 U.S.C. § 924(c). (*Id.* at 2-4.)

The charges stem from two incidents at an apartment where Movant lived. The first incident occurred on March 9, 2006, when Movant was involved in a shootout at the apartment complex. (Doc. 58 at 2-4.) Police officers who responded to the scene

---

[2] Count seven erroneously referenced count four, rather than count six, as the predicate drug trafficking crime. That issue is discussed in Part III.A, below.

2

obtained a search warrant for Movant's apartment and seized a firearm, ammunition, one small green plastic bag containing heroin, other empty plastic bags, marijuana, and photographs. (*Id.*)

The second incident occurred on October 19, 2007, when a bail bondsman entered Movant's apartment to make a fugitive arrest. (*Id.* at 4-8.) The bondsman noticed several firearms and a large amount of heroin in the apartment and alerted police, who seized the items after obtaining a search warrant. (*Id.*) After Movant was indicted, he moved to suppress all evidence seized during both the March 9, 2006 and October 19, 2007 searches because the searches, he contended, were unlawful. (*Id.* at 10-11, 17.) The Court denied Defendant's motion. (Doc. 60.)

In April 2009, the Court conducted a bench trial. (Docs. 113, 117, 118.) Movant presented no evidence at the trial. (Doc. 118 at 85.) After Respondent presented its evidence, the Court heard lengthy argument on Movant's motion for acquittal under Federal Rule of Criminal Procedure 29 on all counts except count six (the charge for possession of heroin on October 19, 2007, with intent to distribute it). (*Id.* at 53-83.) The Court granted the motion as to counts one through three (the conspiracy count and the firearm counts associated with the conspiracy) and denied it as to the other counts. (*Id.* at 83-85.) The Court found Movant guilty of the four remaining counts. (*Id.* at

3

107-08; Doc. 107.) As to count four, the Court found Movant possessed less than one gram of heroin on March 9, 2006, with intent to distribute it. (Doc. 107.) As to count six, the Court found Movant possessed at least 100 grams of heroin on October 19, 2007, with intent to distribute it. (*Id.*)

The Court sentenced Movant to 430 months' imprisonment, four years' supervised release, and a special assessment. (Doc. 132.) Movant filed a motion for judgment of acquittal, asserting most of the claims he now asserts in his § 2255 motion. (Doc. 112.) The Court denied the motion. (Doc. 130). Movant appealed.

On appeal, Movant challenged the Court's denial of his motion to suppress the evidence seized from his apartment on March 9, 2006 and October 19, 2007, again arguing that the searches were unlawful. *United States v. Propst*, 369 F. App'x 42, 44-45 (11th Cir. 2010). Movant also challenged the admissibility of the statements he made to police after his arrest on October 19, 2007; Respondent's counsel's closing argument at trial; and the Court's imposition of consecutive sentences for counts five and seven (the firearm counts). *Id.* at 45-48. The appellate court rejected all of Movant's arguments and affirmed his convictions and sentence. *Id.*

Movant asserts the following claims in his § 2255 motion:

4

1. The search of Movant's apartment on October 19, 2007, violated Movant's rights under the Fourth Amendment to the U.S. Constitution;

2. Counts five and seven of the superseding indictment violated Movant's rights under the Fifth Amendment;

3. Movant was illegally sentenced for the firearm offense charged in count five of the superseding indictment regarding the March 9, 2006 incident because he is actually innocent of that crime; and

4. Movant is actually innocent of the drug offense charged in count four of the superseding indictment regarding the March 9, 2006 incident because the heroin found in his apartment that day belonged to his brother, Robert Propst.

(Doc. 162 at 4-8, 14-28.) Movant did not raise any of those claims on direct appeal. Movant contends that his appellate lawyer, who is different from the lawyers who represented him at trial, told him he could not raise the first two claims on direct appeal, (*id.* at 4, 6), and that he did not raise the latter two claims because he was unaware of the facts supporting those claims until after the appeal was decided, (*id.* at 7, 9.)

## II.  **Relevant Legal Standards**

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise

5

subject to collateral attack. 28 U.S.C. § 2255. A sentence is subject to collateral attack when there is a fundamental defect that results in a complete miscarriage of justice. *United States v. Addonizio*, 442 U.S. 178, 185 (1979). "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a [] § 2255 challenge" unless the movant shows "both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] . . . from raising his claims on direct appeal and that this factor cannot be fairly [attributed] to [his] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). "Actual prejudice" requires a movant to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997).

A court also may review a claim in a § 2255 motion that was not raised on appeal if "a constitutional violation has probably resulted in the conviction of one who is

6

actually innocent" and thus would result in a fundamental miscarriage of justice absent review. *Lynn*, 365 F.3d at 1234-35 (quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n. 18 (quotation marks omitted). In this regard, a § 2255 movant must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The new evidence must be "reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," and such evidence is "unavailable in the vast majority of cases." *Id.* at 324. Indeed, it is "extremely rare" for a person to make the showing required to establish that he is actually innocent of the crime for which he was convicted. *Id.* at 321, 324. Such cases are "truly 'extraordinary.'" *Id.* at 327.

Lastly, a claim "decided adversely to a defendant on direct appeal [] cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quotations omitted). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982).

7

## III.   Legal Analysis

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213, 215 (1973). The record in this case conclusively demonstrates that Movant's claims lack merit and that he is not entitled to relief under § 2255.

Movant is not entitled to relief on his Fourth Amendment claim because the Eleventh Circuit decided that claim adversely to him on direct appeal. Movant challenged the October 19, 2007 search of his apartment on appeal and again challenges that search, albeit under a slightly different legal theory, in his § 2255 motion. Movant cannot repackage and relitigate that claim under § 2255. *See Nyhuis*, 211 F.3d at 1343 (holding that claim decided on appeal and later re-characterized in a § 2255 motion was barred from review because "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory"). Movant's Fourth Amendment claim is barred from review under § 2255.

Movant procedurally defaulted his remaining claims by not raising them on appeal, and Movant has not shown either cause and prejudice or that he is actually innocent. Thus, Movant has not overcome the procedural default that precludes the

8

Court from reviewing the claims.[3]

It is undisputed that Movant did not raise his remaining claims on direct appeal and, thus, he procedurally defaulted them. *See Black*, 373 F.3d at 1142. As noted in Part I, above, Movant states that his appellate counsel told him the claims could not be raised on direct appeal. To the extent that statement is an allegation that his appellate counsel was deficient and that the deficiency caused his procedural default, "[n]ot just any deficiency in counsel's performance will do[.] . . . [T]he assistance must have been so ineffective as to violate the Federal Constitution." *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). "In other words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim." *Id.*

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court

---

[3] Movant wrongly believes that he "has the Right to bring Constitutional violations before the Court in the form of a § 2255 motion, regardless of it not being raised on direct appeal." (Doc. 174 at 7); *see Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994) (holding that § 2255 movant defaulted constitutional claims by not raising those claims on direct appeal).

9

should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697. As discussed below, Movant has not shown that his appellate counsel was deficient for not raising his procedurally defaulted claims on appeal.

A.    Movant's Claim Regarding Counts Five And Seven Of The Superseding Indictment

Movant contends that counts five and seven were constitutionally defective for two reasons. First, Movant argues that those counts improperly conflated the two

10

prongs of 18 U.S.C. § 924(c), thus charging a non-existent crime.  Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be imprisoned for a minimum number of years as specified in the statute.  "Thus, the enhanced penalties are triggered in one of two ways: under the 'during and in relation to . . . uses or carries' prong, or under the 'in furtherance of . . . possesses' prong." *United States v. Haile*, 685 F.3d 1211, 1217 (11th Cir. 2012).  Counts five and seven of the superseding indictment charged Movant with violating § 924(c) and alleged that he "during and in relation to a drug trafficking crime . . . did knowingly possess" firearms.  (Doc. 38 at 3-4.)  Movant's claim stems from those counts' use of language from both prongs of § 924(c).

Second, Movant argues that count seven was flawed because it erroneously referenced count four, rather than count six, as the predicate drug trafficking crime for the firearm charge in count seven.  Count seven alleged that on or about October 19, 2007, Movant "during and in relation to a drug trafficking crime . . . that is, possession of a controlled substance with intent to distribute as set forth in Count Four above, did knowingly possess the following firearms . . . all in violation of Title 18, United States

11

Code, Section 924(c)." (*Id.* at 4.) Count four alleged a drug trafficking crime on March 9, 2006, while count six alleged a drug trafficking crime on October 19, 2007. (*Id.* at 3-4.) Movant raised this issue at trial in his motion for acquittal under Rule 29. (Doc. 118 at 63.) Respondent argued that the words "in Count Four" could be removed from count seven as mere surplusage. (*Id.* at 74-77.)

The Court found that count seven's mistaken reference to count four did not prejudice Movant's defense or raise double jeopardy concerns. (*Id.* at 83-84.) Relying on *United States v. Johnson*, 741 F.2d 1338 (11th Cir. 1984), the Court denied the Rule 29 motion as to count seven. (*Id.*)

Movant has presented no allegations or evidence to show that his appellate counsel was constitutionally ineffective for not raising on appeal the issues described above regarding counts five and seven. It was reasonable for Movant's appellant counsel not to raise those issues on appeal because they lacked merit. *See Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009) (holding that because habeas claims lacked merit, "any deficiencies of counsel in failing to raise or adequately pursue them cannot constitute ineffective assistance of counsel").

Movant's claim that count seven was defective because it referenced count four rather than count six also lacks merit because the indictment provided Movant fair

12

notice of the firearm crime with which he was charged in count seven. Respondent was not required to reference the drug trafficking crime to which count seven related or even charge Movant with that crime because "conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense." *See United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005). Count seven alleged that Movant possessed the firearms on October 19, 2007, the same date alleged in count six as to the predicate drug trafficking crime. (Doc. 38 at 3-4.) Counts four and five alleged drug trafficking and associated firearm crimes on March 9, 2006. (*Id.* at 3.) Count five referenced count four as the predicate drug trafficking crime and listed only one firearm in connection with that March 9, 2006 crime. (*Id.*) Count seven, although also referencing count four, listed four different firearms and the same date – October 19, 2007 – as shown in count six for the second drug trafficking crime. (*Id.* at 3-4.) As the Court found at trial, count seven's reference to count four was a minor error that did not prejudice Movant. *See Haile*, 685 F.3d at 1217 ("Minor deficiencies in an indictment do not automatically render it constitutionally deficient . . . .").

Movant's claim that counts five and seven charged a non-existent crime by conflating the two prongs of § 924(c) also lacks merit. The Eleventh Circuit has rejected arguments, like Movant's, that an indictment that includes language from both

13

prongs of the statute violates the Fifth Amendment. *See Haile*, 685 F.3d at 1217-18; *United States v. Brown*, 346 F. App'x 481, 490 (11th Cir. 2009); *Sharp v. United States*, No. 2:03cv532-MHT, 2006 WL 2460597, at *3 (M.D. Ala. Aug. 23, 2006) (noting that § 2255 movant's claim, identical to Movant's, that a count in the indictment conflated both prongs of § 924(c) and, thus, "failed to charge a crime under federal law" failed on direct appeal because "the Court of Appeals found the claim to be meritless"). In those cases, the court noted that "[i]f an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *Haile*, 685 F.3d at 1217 (quotation marks omitted); *Brown*, 346 F. App'x at 490 ("Count 8 specifically referred to 18 U.S.C. § 924(c) and thus provided Brown with adequate notice of the charge against him."). Counts five and seven of the superseding indictment in this case both identified § 924(c) as the statute that Movant was charged with violating. (Doc. 38 at 3-4.) Thus, Movant received adequate notice of the charges in those counts.

Moreover, the usual concerns with indictments that do not precisely track the statutory language – confusing the jury and allowing it to convict a defendant on charges broader than those indicted – were not present in this case because Movant had a bench trial. *See Haile*, 685 F.3d at 1217-18 (discussing court's striking of language

14

from § 924(c) count in indictment "to clear any confusion for . . . the jury"). "Trial judges are presumed to know the law and to apply it in making their decisions," and "[w]hen a trial judge tries a case without a jury, the judge is presumed to have discharged his official responsibilities properly." *Burrell v. Bd. of Trs.*, 125 F.3d 1390, 1395 (11th Cir. 1997) (quotation marks omitted). Lastly, sufficient evidence was presented at trial for the Court to conclude that Movant either used or carried a firearm during and in relation to each drug trafficking crime charged in the indictment or that he possessed a firearm in furtherance of each drug trafficking crime. *See Haile*, 685 F.3d at 1217 ("[T]he government bore the burden only to prove facts satisfying one of the triggers [in § 924(c)]."); *Brown*, 346 F. App'x at 490. All of those facts demonstrate that the conflation of § 924(c)'s prongs in counts five and seven of the indictment did not violate Movant's constitutional rights.

Because Movant's claims regarding the drafting of counts five and seven in his indictment lack merit, Movant has not shown that his appellate counsel was constitutionally ineffective for not raising those claims on direct appeal. Movant thus has not shown cause for his procedural default of those claims. The undersigned now turns to the issue of whether Movant has overcome his procedural default by showing that he is actually innocent, as a factual matter, of the crimes for which he was

15

convicted.

B.    Movant's Actual Innocence Claims

As an initial matter, although Movant has asserted actual innocence as a freestanding claim in his § 2255 motion, the law does not recognize an independent, substantive claim for actual innocence in § 2255 cases. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence . . . in non-capital cases."). Movant's actual innocence could, at most, excuse his procedural default of his other claims.

Movant argues that he is actually innocent of the drug trafficking and firearm crimes associated with the March 9, 2006 incident (counts four and five of the superseding indictment) because Robert Propst ("Robert"), his brother, stated in an affidavit dated August 3, 2011, that the small bag of heroin found in Movant's apartment on that day belonged to Robert and that Movant had no knowledge of it. (Doc. 162 at 45-46.) Robert's affidavit is not reliable, trustworthy evidence that will support a finding of actual innocence for several reasons.[4]

---

[4] Movant also submitted affidavits from others, including himself. (Doc. 162 at 29-50, 57-58.) One affiant, Charlie Lesher, averred that he does not know who owned the heroin found in the apartment on March 9, 2006, or how it got there. (*Id.* at 43.) Although Movant averred that Lesher's mother suggested that he install the video surveillance system in the apartment, Lesher's mother did not state that in her

First, it is obvious from Robert's affidavit that he knew on March 9, 2006, of

Movant's purported unawareness of the heroin that Robert says he placed in the

apartment, yet Robert waited until after the statute of limitations for state and federal

drug crimes expired to reveal that information. *See* 18 U.S.C. § 3282(a) (providing a

five-year statute of limitations for non-capital federal crimes); O.C.G.A. § 17-3-1(c)

(providing a four-year statute of limitations for non-capital, non-homicide crimes);

O.C.G.A. §§ 16-13-30, 16-13-31 (prohibiting possession and sale of heroin). Thus,

Robert's "confession" over five years after the crime, over two years after Movant's

trial, and over one year after Movant's convictions were affirmed on appeal, is not a

self-incriminating admission worthy of belief. If Robert's sole purpose in providing his

affidavit was to ensure that Movant was not held responsible for a drug crime he did

not commit, why did he wait until he (Robert) could not be prosecuted for that crime

to provide that information? In considering an actual innocence claim based on

purported new evidence, "the court may consider how the timing of the submission and

---

affidavit. (*Id.* at 50, 57.) Instead, Lesher's mother averred that it was her "impression" that Movant and Lesher installed the system "because they could, and were using it to amuse themselves." (*Id.* at 50.) Lesher's mother's averments are based largely on hearsay from her son. (*Id.* at 49-50.) Those affidavits, like Robert's, are not credible evidence, and Movant has not shown that it is more likely than not that the Court would have acquitted him of the March 9, 2006 crimes if it had that evidence at trial.

17

the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332. The timing of Robert's affidavit strongly indicates that his story is not reliable.

Second, Robert submitted a letter to the Court for Movant's sentencing. (Doc. 119-3.) However, Robert did not mention in that letter anything indicating that the heroin found on March 9, 2006, was his or that Movant was unaware of that heroin. (Doc. 119-3.) Robert also made no statements incriminating himself in that letter, unlike the statements in his affidavit submitted two years later. (*Id.*) Although Movant's other brother addressed the Court at sentencing and asked for leniency, Robert did not address the Court. (Doc. 137.) In short, Robert had numerous opportunities beginning on March 9, 2006, to tell the Court what he waited until August 2011 to reveal in an affidavit.[5] Neither Robert nor Movant has offered any explanation for the delay. The fact that Robert chose to wait so long to disclose such a simple purported fact – that the heroin was his, not Movant's – undermines his credibility. *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009) (rejecting claim of actual innocence based on exonerating affidavits where "the reliability of the

---

[5] Robert could have revealed that he allegedly threw the small bag of heroin on the floor of Movant's bedroom within hours of actually doing so, when he voluntarily spoke with police about the incident. (*See* Doc. 117 at 105.)

18

affidavits is called into question because all of these affidavits were presented more than ten years after the murder and roughly eight years after Milton's trial and [] in most cases . . . the affiants were aware of the alleged facts to which they now attest before Milton's trial").

Third, Robert's familial relationship to Movant further undermines his credibility. Robert is Movant's brother, not a disinterested, neutral witness. Familial relationship is another factor the Eleventh Circuit has considered in reviewing belated affidavits offered in support of an actual innocence claim. *Id.* at 531 ("The reliability of the affidavits of Roberts, Murphy, and Brown are all called into question because Roberts and Brown are either friends with Milton or his family and Murphy is Roberts's cousin.").

Even if Robert's affidavit was the type of reliable, trustworthy evidence required to establish actual innocence on collateral review, Movant has not shown that it is more likely than not that the Court would have acquitted him if Robert had testified at trial that Movant had no knowledge of the heroin found in his apartment on March 9, 2006. The Court "must make its determination concerning the petitioner's innocence in light of all the evidence, including that . . . tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S. at 328 (quotation

19

marks omitted). The Court heard testimony that Movant was not the only resident of the apartment in which the small bag of heroin was found on March 9, 2006, and that the bag appeared to have been unused and dropped on the floor. (Doc. 117 at 95-97.) That testimony is consistent with what Robert stated in his affidavit. (*See* Doc. 162 at 45 (averring that he "tossed the bag of heroin towards the night stand").) After reviewing the transcript of the trial, the undersigned finds it more likely than not that the Court still would have found Movant guilty of the March 9, 2006 offenses if it had the affidavits Movant submitted with his § 2255 motion.

In sum, because Movant has not shown cause and prejudice or factual innocence of his crimes, the Court cannot review his procedurally defaulted claims. Movant's motion for relief under § 2255 and his associated motion for summary judgment should be denied.

## IV.    Certificate of Appealability ("COA")

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the

20

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. As shown in Part III, *supra*, Movant's claims fail because they are procedurally barred and Movant has not made the extraordinary showing that he is actually innocent of the crimes for which the Court convicted him. The resolution of Movant's procedurally barred claims is not reasonably debatable.

## V.   Conclusion

Based on the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion [157] and amended motion [162] to vacate sentence under 28 U.S.C. § 2255 and his motion for summary judgment [175] be **DENIED**. **IT IS FURTHER RECOMMENDED** that civil action number 1:11-cv-3438-CAP-LTW be **DISMISSED** and that Movant be **DENIED** a certificate of appealability.

21

**SO REPORTED AND RECOMMENDED** this _28_ day of _August_ 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)